UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLIVER ROCHER,

    Petitioner,

v.                                         Case No.:   2:20-cv-922-SPC-MRM

UNITED STATES OF AMERICA,

    Respondent.

_____/

**<u>ORDER</u>**[1]

Before the Court is pro se Plaintiff Oliver Rocher's Motion for Reconsideration (Doc. 19). The Court denied Rocher's 2255 Motion. (Doc. 15). In doing so, the Court addressed Grounds 1-4, which Rocher raised in his Motion and forty-four-page Memo in support (Docs. 1; 2). The Government briefed all four issues. (Doc. 11). Now, Rocher claims he actually raised nine grounds. Since the Government did not respond to the unidentified Grounds 5-9, says Rocher, the Court must reconsider and grant his 2255. Not so.

Because Rocher sought reconsideration within twenty-eight days, the Court liberally construes this under Rule 59(e). Following Rule 59(e),

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

reconsideration may be proper to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be appropriate to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And a 59(e) motion might fit "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021). Ultimately, the decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

Courts grant reconsideration sparingly, and these are not chances to "relitigate old matters." *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will courts "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

While a bit unclear, Rocher seems to contend he filed a seventy-two-page motion and memo addressing nine grounds. (Doc. 19 at 2-3). To be sure, Rocher referenced Grounds 5-9 at various points earlier. But Rocher never

filed briefing on them.  Nor did he ever identify what Grounds 5-9 might be.  And the time to raise argument in support of his Motion expired long ago.

What's more, Rocher says the Government confirmed he raised Grounds 5-9 when it asked for more pages to respond to his seventy-two-page motion.  Yet that isn't true.  The Government specifically requested more pages "to respond to the 44-page, single spaced memorandum filed by" Rocher.  (Doc. 10 at 1).  In other words, the Government confirmed it received the four-ground Motion and forty-four-page Memo filed with the Court.  (Docs. 1; 2).

Simply put, Rocher failed to file or disclose any additional grounds he intended to raise in his 2255 Motion.  Because the time to do so passed over a year ago, there is nothing to reconsider.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3