UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLIVER ROCHER,

    Petitioner,

v().                                          Case No.:  2:20-cv-922-SPC-MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**[1]

Before the Court is pro se Petitioner's Motion to Request Copies (Doc. 26). As the Motion does not include a Local Rule 3.01(g) certification, it is denied. Local Rule 3.01(g) (requiring movant to confer with the opposing party and include a certification the conference occurred).

Even leaving that aside, the Court denies the Motion on the merits. Petitioner wants a free copy of his "42 page (handwritten) memorandum which contains Grounds 5, 6, 7, 8, 9 of Petitioners § 2255 Motion." (Doc. 26 at 1) (errors in original). There are two problems with this.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

First, the Court does not provide parties with free copies of filings absent extraordinary circumstances. *See Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) (A pro se party has no constitutional right to free copies of records for postconviction proceeding.); *Miller v. Donald*, 132 F. App'x 270, 271-72 (11th Cir. 2005). If Petitioner wants copies of docket entries from the Clerk, he must pay any necessary fees or file a proper motion to waive them.

Second—and most important—the Court does not have the filing Petitioner requests. Petitioner filed a § 2255 Motion on four Grounds. (Doc. 1). He alluded to five others but never said what those might be. Nor did he supplement his original § 2255 Motion with those added grounds. Two earlier Orders explained that. (Docs. 15 at 19; 20 at 2-3).

Still, according to Petitioner, he filed a forty-two-page addendum with the five unidentified grounds. While unclear, the Court assumes this supplement is the same as the seventy-two-page filing Petitioner referenced on reconsideration. *See* (Doc. 19). Put simply, however, there is nothing to send. The Clerk scans and files all mail from pro se litigants. Because the Court received no addendum, no filing exists. And as explained before, the Court is unaware of any § 2255 grounds aside from the four it ruled on when denying the original § 2255 Motion. (Doc. 15 at 19). Even if Petitioner drafted—but never filed—a § 2255 supplement, the Court cannot provide copies of something it doesn't have.

Accordingly, it is now

**ORDERED:**

Petitioner's Motion to Request Copies (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 26, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record